UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MYRISS WINSTON,

               Plaintiff,

     v.

CONNIE GIPSON, et al.,

               Defendants.

Case No.  20-cv-06470-DMR (PR)

**ORDER OF SERVICE**

## I.    INTRODUCTION

Plaintiff, who is currently incarcerated at Salinas Valley State Prison ("SVSP"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that California Department of Corrections and Rehabilitation ("CDCR") officials have interfered with his ability to practice his religion.  Dkt. 1 at 5-9.[1]

Plaintiff has consented to magistrate judge jurisdiction, and this matter has been assigned to the undersigned Magistrate Judge.  Dkt. 2.  Venue is proper because the events giving rise to the claims are alleged to have occurred in SVSP, which is located in this judicial district.  *See* 28 U.S.C. § 1391(b).  Plaintiff has been granted leave to proceed *in forma pauperis*.  Dkt. 5.

On March 30, 2021, the court issued an Order of Dismissal With Leave to Amend.  Dkt. 7. On April 26, 2021, Plaintiff filed his amended complaint.  Dkt. 8.  Plaintiff again names the following prison official at CDCR—Director of Division of Adult Institutions Connie Gipson.  *Id.* at 1.  He also names SVSP Warden M. B. Atchley.[2]  *Id.*  Plaintiff seeks injunctive relief and

---

[1] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by Plaintiff.

[2] The court notes that Plaintiff previously named former CDCR Secretary Ralph Diaz as a Defendant, but he has not named Defendant Diaz in his amended complaint, and thus all claims against Defendant Diaz are DISMISSED.

United States District Court
Northern District of California

1    monetary damages.  *Id.* at 4.

2        In its March 30, 2021, the court summarized Plaintiff's claims from his original complaint,

3    as follows:

4            Here, Plaintiff professes to be an adherent of the "Thelema Religion"
             and expresses his beliefs with the possession and use of "religious
5            artifacts [and] tobacco products (i.e., loose tobacco, cigarettes, cigars,
             ritual herbal smokes/blends, cigarette lighter, rolling papers and
6            smoking pipe), incense sticks/cones, cologn[e]s, perfumes, and oils
             (different fragrances and uninterrupted access)." Dkt. 1 at 5.  Plaintiff
7            alleges that as part of his religious practices of "Thelema," [i]t is [his]
             right to obtain, possess, and use [the aforementioned] items under the
8            Free Exercise Clause of the First Amendment . . . ."  *Id.* at 5-6.
             However, he claims that CDCR and SVSP officials have prevented
9            him from purchasing or receiving tobacco products in the mail, which
             has interfered with his ability to practice his beliefs.
10
     Dkt. 7 at 5.
11
12       As mentioned above, the court reviewed Plaintiff's original complaint and dismissed it

13   with leave to amend.  Dkt. 7.  The court determined that as a "threshold matter," the complaint

14   "fail[ed] to plausibly allege that Thelema is a variety of religious faith," and stated as follows:

15           Third-party sources describe it as an occult philosophy, which would
             likely take it out of the realm of protected religious activity.  *See Malik*
16           *v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994).  It is also not at all clear
             how the use of tobacco products (or any of the aforementioned
17           "religious artifacts") is an essential part of the Thelema belief system.
             If Plaintiff chooses to amend, he will need to plausibly allege that
18           Thelema is religious in nature, and requires use of tobacco products
             or the aforementioned "religious artifacts."
19
     *Id.* at 5-6.  The court then added that Plaintiff only named supervisors as Defendants and
20
     dismissed his claims against Defendants Diaz and Gipson with leave to amend because Plaintiff
21
     presented:
22           no specific allegations against these Defendants other than stating
             they are responsible for "enforcing United States and State
23           Constitutional rights, federal and state statutes, government codes,
             government regulations, and executive orders on the Director, prisons
24           and prisoners when violations occur" (Defendant Diaz) and for
             "passing and enforcing rules, policies and regulations that pertain to
25           prisons within the CDCR and those inmates that are housed in those
             prisons" (Defendant Gipson).
26
     *Id.* at 6 (quoting Dkt. 1 at 5).  The court further instructed Plaintiff as follows:
27

28   _____

                                        2

> To obtain some of the relief that Plaintiff seeks, he must identify the specific Defendants who denied him tobacco products/"religious artifacts" and describe their actions.  Plaintiff should describe the Defendants he spoke to or corresponded with regarding his attempts to obtain tobacco products/"religious artifacts" and their responses. Simply pointing to documents attached as exhibits is insufficient.  He must identify them as Defendants and describe their actions in the body of the complaint.

*Id.* Thus, the court dismissed the complaint and granted Plaintiff leave to prepare a proper amended complaint that is "consistent with federal pleading standards." *Id.*

Plaintiff then filed an amended complaint, which is now before the court for review under 28 U.S.C. § 1915A.  *See* Dkt. 8.

## II.    DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.    Legal Claims

As mentioned above, Plaintiff specifically alleges that CDCR prison officials impermissibly burdened the practice of his religion by limiting his ability to order/purchase "religious practices tobacco products, incense sticks/cones, perfumes and uninterrupted access to oils of his choice."  *See* Dkt. 8 at 8.  Plaintiff alleges that he is a "follower of the Religion of Thelema which is a variety of Religious Faith and recognize [sic] as a Religion incorporated in the State of California as a not-for-profit religious organization."  *Id.* at 3.  Plaintiff claims that he has a "sincere and genuine belief in the practices of the religion of Thelema . . . [and] [h]e has been

3

United States District Court
Northern District of California

1    practicing for over four years now and since [his] arrival at [SVSP] [and he] continues to practice

2    Thelema with other Thelema followers." *Id.* at 7.

3         Plaintiff states that "[p]risoners in the past [were] allowed to use, possess and smoke

4    tobacco products in prison under the California legislature ban[ned] tobacco products from prisons

5    with the exception that prisoners shall be allowed to use and possess tobacco products for their

6    religious ceremonies." *Id.* at 8.  Plaintiff further claims that "[p]risoners in the pas[t] had no limit

7    on the religious artifacts they could obtain and use for religious practice until the Director of

8    Division of Adult Institutions [Defendant Gipson] passed regulations via emergency measures

9    creating a list of religious items [that] all religions shall be allowed to use.  *Id.*  Plaintiff explains

10   that the list is called the "Religious Personal Property Matrix [('RPPM')]."  He claims that the

11   CDCR "has regulations that require inmates to purchase religious items only from Departmental

12   and local vendors, and none of those vendors sell tobacco."  *Id.*  In addition, the "RPPM does not

13   list incense, colognes and perfumes as an item prisoners may purchase and oils are limited to the

14   amount of four ounces or less ever[y] three months with the limited fragrance selections of kyphi,

15   frankinmyrrh, sage, cedar, musk and lavender [and] with all other fragrances ban[ned]."  *Id.*

16   Plaintiff claims that he "practices and expresses his belief[s] . . . through the use of tobacco

17   products, incense, colognes, perfumes and different fragrances of oils in different rituals,

18   ceremonies, rites that he performs daily . . . ."  *Id.*

19        Plaintiff alleges that on December 12, 2019, he filed a 602 inmate appeal seeking to obtain

20   for his religious practices the aforementioned religious items or that "his family and friends be

21   allowed to send him the tobacco products since the [CDCR] did not have a vendor that s[old]

22   tobacco products."  *Id.*  On January 7, 2020, Plaintiff's 602 appeal was denied "on the grounds

23   that for the safety and security of all CDCR institutions . . . ."  *Id.*  Plaintiff attempts to link

24   Defendants by stating that Defendant Atchley is liable "as the warden [who] is responsible to

25   provide the religious welfare of Plaintiff" and that this Defendant has a "policy as warden that

26   tobacco products are not allowed at SVSP because he considered it as contraband . . . ."  *Id.* at 9.

27   As mentioned above, Plaintiff claims that Defendant Gipson is responsible for creating the

28   "RPPM regulation that limit[s] prisoner[']s purchase of no more than four ounces every three

1 | months and limit[s] [such purchase] to a selection of six different fragrances" and that this "denies

2 | Plaintiff['s] uninterrupted access to the religious oils needed for his religious practice . . . ." *Id.* at

3 | 10.  Finally, Plaintiff claims that "Defendants Gipson and Atchley lacked penological and/or

4 | security justification to deny Plaintiff['s] religious exercises and practices in the manner as

5 | described above during his entire stay at [SVSP]." *Id.* at 11.

6 |       Giving it the liberal construction to which it is entitled, the amended complaint states

7 | cognizable claims for violation of Plaintiff's First Amendment right to the free exercise of religion

8 | and his Fourteenth Amendment rights.  *See, e.g.*, *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir.

9 | 1997) (prison officials may not burden the practice of prisoner's religion, by preventing him from

10 | engaging in conduct mandated by his faith, without any justification reasonably related to

11 | legitimate penological interests).  Plaintiff's allegations in the amended complaint also implicate

12 | RLUIPA, which provides:  "No government shall impose a substantial burden on the religious

13 | exercise of a person residing in or confined to an institution, as defined in section 1997 [which

14 | includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a

15 | rule of general applicability, unless the government demonstrates that imposition of the burden on

16 | that person (1) is in furtherance of a compelling governmental interest; and (2) is the least

17 | restrictive means of furthering that compelling governmental interest."  42 U.S.C. § 2000cc-1(a).

18 | The amended complaint adequately links Defendants Gipson and Atchley.

### III.    CONCLUSION

20 |       For the foregoing reasons, the court orders as follows:

21 |       1.    All claims against Defendant Diaz are DISMISSED.

22 |       2.    Plaintiff has stated cognizable claims under RLUIPA and the First Amendment's

23 | Free Exercise Clause against Defendants Gipson and Atchley.

24 |       3.    The following defendant(s) shall be served: **Director of Division of Adult**

25 | **Institutions Connie Gipson at CDCR in Sacramento and Warden M. B. Atchley at SVSP.**

26 |       Service on the listed Defendant(s) shall proceed under the California Department of

27 | Corrections and Rehabilitation's (CDCR) e-service pilot program for civil rights cases from

28 | prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve on

United States District Court
Northern District of California

1    CDCR via email the following documents: the operative complaint, this order of service, the

2    notice of assignment of prisoner case to a United States magistrate judge and accompanying

3    magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service

4    Waiver form and a summons.

5         No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall

6    provide the court a completed CDCR Report of E-Service Waiver advising the court which

7    Defendant(s) listed in this order will be waiving service of process without the need for service by

8    the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or

9    could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver

10   and of the notice of assignment of prisoner case to a magistrate judge and accompanying

11   magistrate judge jurisdiction consent or declination to consent form to the California Attorney

12   General's Office, which, within **twenty-one (21) days**, shall file with the court a waiver of service

13   of process for the Defendant(s) who are waiving service and, within **twenty-eight (28) days**

14   thereafter, shall file a magistrate judge jurisdiction consent or declination to consent form as to the

15   Defendant(s) who waived service.

16        Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each

17   Defendant who has not waived service according to the CDCR Report of E-Service Waiver a

18   USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 form and copies

19   of this order, summons, operative complaint (Dkt. 8) and notice of assignment of prisoner case to

20   a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to

21   consent form for service upon each defendant who has not waived service.  The clerk also shall

22   provide to the USMS a copy of the CDCR Report of E-Service Waiver.

23        The clerk shall also mail a copy of the operative complaint (Dkt. 8) and a copy of this

24   order to the State Attorney General's Office in San Francisco.  Additionally, the clerk shall mail a

25   copy of this order to Plaintiff.

26        4.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

27   requires Defendants to cooperate in saving unnecessary costs of service of the summons and

28   operative complaint.  If service is waived, this action will proceed as if Defendants had been

served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  If Defendants have not waived service and have instead been served by the USMS, then Defendants shall serve and file an answer within **twenty-one (21) days** after being served with the summons and operative complaint.

5.      Defendants shall answer the amended complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a.      No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[3] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  However, the court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the amended complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1    not clear on the face of the amended complaint, Defendants must produce evidence proving failure

2    to exhaust in a motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed

3    in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to

4    summary judgment under Rule 56.  *Id.*  But if material facts are disputed, summary judgment

5    should be denied and the district judge rather than a jury should determine the facts in a

6    preliminary proceeding.  *Id.* at 1168.

7             If Defendants are of the opinion that this case cannot be resolved by summary judgment,

8    they shall so inform the court prior to the date the summary judgment motion is due.  All papers

9    filed with the court shall be promptly served on Plaintiff.

10                  b.      Plaintiff's opposition to the dispositive motion shall be filed with the court

11   and served on Defendants no later than **twenty-eight (28) days** after the date on which

12   Defendants' motion is filed.

13                  c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of

14   the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you

15   must do in order to oppose a motion for summary judgment.  Generally, summary judgment must

16   be granted when there is no genuine issue of material fact—that is, if there is no real dispute about

17   any fact that would affect the result of your case, the party who asked for summary judgment is

18   entitled to judgment as a matter of law, which will end your case.  When a party you are suing

19   makes a motion for summary judgment that is properly supported by declarations (or other sworn

20   testimony), you cannot simply rely on what your complaint says.  Instead, you must set out

21   specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

22   as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and

23   documents and show that there is a genuine issue of material fact for trial.  If you do not submit

24   your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

25   If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154

26   F.3d at 962-63.

27             Plaintiff also is advised that—in the rare event that Defendants argue that the failure to

28   exhaust is clear on the face of the amended complaint—a motion to dismiss for failure to exhaust

United States District Court
Northern District of California

available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your amended complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

6.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7.      All communications by Plaintiff with the court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

8.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new

1    address.  *See* L.R. 3-11(a).  The court may dismiss without prejudice a complaint when: (1) mail

2    directed to the *pro se* party by the court has been returned to the court as not deliverable, and

3    (2) the court fails to receive within sixty days of this return a written communication from the pro

4    se party indicating a current address.  *See* L.R. 3-11(b).

5            9.      Upon a showing of good cause, requests for a reasonable extension of time will be

6    granted provided they are filed on or before the deadline they seek to extend.

7            IT IS SO ORDERED.

8    Dated:  October 12, 2021

9                                                           _____

10                                                          DONNA M. RYU
                                                            United States Magistrate Judge

United States District Court
Northern District of California