UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MYRISS WINSTON,

    Plaintiff,

v.

CONNIE GIPSON, et al.,

    Defendants.

Case No. 20-cv-06470-DMR (PR)

**ORDER ADDRESSING PLAINTIFF'S PENDING MOTIONS**

## INTRODUCTION

Before the court are motions filed by Plaintiff including: (1) his motion to compel discovery and impose sanctions (dkt. 24); and (2) his motion for appointment of counsel (dkt. 25). The court addresses each motion below.

## DISCUSSION

### I. MOTION TO COMPEL DISCOVERY AND TO IMPOSE SANCTIONS

Plaintiff filed a motion to compel discovery and to impose sanctions, in which he states that he "served requests for interrogatories, admission and production of documents pursuant to Rule 34, Fed. R. Civ. P. as set forth in [his] declaration, [and] defendants failed to answer." Dkt. 24-1 at 1. Defendants oppose plaintiff's motion because they claim that they "have provided meaningful and substantive responses and objections to [his] written discovery requests in a timely manner." Dkt. 28 at 2. Plaintiff has not filed a response to defendants' opposition.

It seems that defendants have satisfied plaintiff's discovery requests. Also, the court notes that during the time frame plaintiff's motion to compel has been pending, defendants have since filed their motion for summary judgment, which includes declarations and exhibits. Dkt. 29. Accordingly, the court DENIES the pending motion to compel without prejudice to plaintiff renewing it if there is still a need for any of the discovery requests in his previously-filed motion

to compel. Dkt. 24.

Plaintiff also requests that the court sanction defense counsel for discovery violations. However, because the record shows that defendants have attempted to produce the discovery sought by plaintiff, sanctions are inappropriate at this time. *See* Fed. R. Civ. P. 37(d)(3). Thus, plaintiff's request for sanctions is DENIED. Dkt. 24.

The court reminds the parties that it is not an effective or appropriate use of the court's limited resources for it to oversee all aspects of discovery. Thus, before filing a motion to compel, the moving party must first attempt to resolve the dispute informally with the opposing party. It is only when the parties are unable to resolve the dispute after making a good faith effort to do so should they seek the court's intervention. *See* Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local Rule 37-1. Because plaintiff is incarcerated, he is not required to meet and confer with defendants in person. Rather, if plaintiff's discovery requests are denied and he intends to pursue a motion to compel, he need only send a letter to defendants to that effect, offering them one last opportunity to provide him the sought-after information. The letter should state the specific discovery he seeks, and state the reasons that plaintiff believes he is entitled to such discovery.

The court further notes that the deadline for plaintiff's opposition to defendants' motion for summary judgment is September 19, 2022. At this time, it seems that the discovery issues have been resolved and plaintiff may not need an extension of time to file his opposition. Thus, the parties are directed to abide by the current briefing schedule outlined in the court's order dated July 5, 2022.

## II. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has requested that counsel be appointed to represent him in this action. Dkt. 25. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances

2

requiring the appointment of counsel are not evident at this time.  His request for appointment of counsel is DENIED.  Dkt. 25.

## CONCLUSION

For the reasons outlined above, the court orders as follows:

1. Plaintiff's motion to compel discovery and to impose sanctions is DENIED.  Dkt. 24.

2. Plaintiff's request for appointment of counsel is DENIED.  Dkt. 25.

3. The Clerk of the Court shall note on the docket that plaintiff's opposition to defendants' motion for summary judgment is due on **September 19, 2022**.  Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.  Absent further order, the motion will be deemed submitted as of the date the reply brief is due without a hearing.  Once the motion for summary judgment is submitted, the court will resolve that motion in a separate written Order.

4. This Order terminates Docket Nos. 24 and 25.

IT IS SO ORDERED.

Dated: 8/24/2022

_____
DONNA M. RYU
United States Magistrate Judge